**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HENAN JINYUANFENG PLASTIC CO., LTD.,

Plaintiff,

v.

TELKDZ,

Defendant.

Civil Action No.: 2:26-cv-01727

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Henan Jinyuanfeng Plastic Co., Ltd. ("Plaintiff") hereby sues Defendant Telkdz ("Defendant"), alleging as follows:

**INTRODUCTION**

1. This action has been filed by Plaintiff to combat an e-commerce store that trades upon Plaintiff's reputation and goodwill by offering for sale and selling unauthorized and unlicensed products, mainly including three-dimensional illusion soccer lamps and related decorative lighting products, using infringing and derivative versions of Plaintiff's federally registered copyright, U.S. Copyright Registration No. VA 2-273-401 (the "Infringing Products"). Defendant operates on the Amazon marketplace platform, creating an e-commerce store operating under the seller alias "Telkdz" and Amazon Seller ID A2MKKLZ9R5ILRP (the "Seller Alias" and the "Defendant Merchant Storefront"), which is advertising, offering for sale, and/or selling Infringing Products to unknowing consumers. Defendant attempts to avoid

and mitigate liability by operating under a fictitious Seller Alias to conceal both its identity and the full scope and interworking of its infringing operation.

2. Plaintiff is forced to file this action to combat Defendant's infringement of its federally registered copyright as well as to protect unknowing consumers from purchasing Infringing Products over the Internet.

3. Plaintiff has been and continues to be irreparably damaged through loss of market share, loss of future sales, inability to realize a return on investment, diminished goodwill and brand confidence, damage to Plaintiff's reputation, damage to Plaintiff's creative content, and loss of exclusivity in its valuable copyright rights as a result of Defendant's actions, and seeks injunctive and monetary relief.

**PARTIES**

4. Plaintiff, Henan Jinyuanfeng Plastic Co., Ltd., is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 1 East of the North Section of Meishan Road, Longhu, Xinzheng, Henan 454000, China.

5. Plaintiff designs, develops, manufactures, and sells molded plastic consumer products and decorative lighting, including three-dimensional illusion lamps, and distributes those products to consumers throughout the United States, including through the Amazon marketplace.

6. Plaintiff is the sole owner of United States Copyright Registration No. VA 2-273-401, titled "Soccer Lamp," with an effective date of registration of October

11, 2021 (hereinafter the "Copyright-in-Suit"). A true and correct copy of the registration certificate for the Copyright-in-Suit is attached as Exhibit A.

7. The Copyright-in-Suit protects an original two-dimensional drawing and illustration work. See Exhibit A.

8. The work protected by the Copyright-in-Suit was created by Guanjun Zhu, was completed in 2020, and was first published in the United States on May 1, 2020. Guanjun Zhu transferred all right, title, and interest in the work to Plaintiff by written agreement, and Plaintiff is the copyright claimant of record. See Exhibit A.

9. The original design embodied in the Copyright-in-Suit appears on Plaintiff's soccer lamp product line, which Plaintiff offers for sale to consumers in the United States.

10. The Copyright-in-Suit was developed through substantial original artistic and design effort and investment, and is legally protected under the copyright laws of the United States.

11. Since its founding, Plaintiff has devoted substantial time, effort, and resources to the creation, design, commercialization, and protection of products incorporating the Copyright-in-Suit.

12. Plaintiff has made significant financial investments in the development, protection, and promotion of the Copyright-in-Suit, including but not limited to design and development expenses, copyright registration, product photography, listing optimization, and digital marketing efforts.

13. Plaintiff's principal sales channel for products embodying the Copyright-in-Suit is the Amazon marketplace, through which consumers in the United States, including in the Commonwealth of Pennsylvania, view, order, and receive Plaintiff's products.

14. Plaintiff's target customers for products incorporating the Copyright-in-Suit include soccer and sports enthusiasts, gift purchasers, parents of school-aged children, and consumers of decorative home lighting and novelty décor.

15. Plaintiff places significant emphasis on long-term brand development and continually allocates resources to update its product portfolio and to integrate customer feedback in order to maintain the relevance and quality of its offerings.

16. Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the Copyright-in-Suit and the products embodying it. Over time, Plaintiff has invested heavily in the Copyright-in-Suit and the respective products.

17. The above U.S. registration for the Copyright-in-Suit is valid, subsisting, and in full force and effect. See Exhibit A.

18. The Copyright-in-Suit has gained recognition for its distinctive elements, design, and features. As a result, the Copyright-in-Suit and the related products have come to be regarded by consumers as quality works originating from Plaintiff. Over time, the Copyright-in-Suit and the related products have attracted substantial market attention, which appears to have led Defendant to imitate the Copyright-in-Suit.

19. Plaintiff's copyrighted work has achieved commercial success and consumer recognition in the United States market, reinforcing the goodwill and creative value embodied in Plaintiff's work. This sustained performance demonstrates consumer recognition of Plaintiff's products and reflects the continued expansion of Plaintiff's business in products embodying the Copyright-in-Suit.

20. Plaintiff places substantial importance on intellectual property protection, actively monitoring marketplaces and protecting its intellectual property rights through infringement reporting, platform enforcement actions, and litigation. These measures aim to safeguard Plaintiff's reputation and the goodwill associated with Plaintiff's works, including the Copyright-in-Suit.

21. Plaintiff became aware of Defendant, which also started to sell products embodying or substantially similar to the Copyright-in-Suit. As such, Plaintiff filed this action to combat Defendant, who is harming Plaintiff by offering to sell, selling, advertising, and/or shipping unlicensed products utilizing the Copyright-in-Suit.

22. Below is a side-by-side comparison of Plaintiff's copyrighted work and an example of Defendant's product that embodies Plaintiff's copyrighted work:

| **Reg. Number** | **Title of Work** | **Copyrighted Work** | **Defendant's Image** |
| --- | --- | --- | --- |
| VA 2-273-401 | Soccer Lamp |  |  |

23. The influx and widespread use of infringing and derivative copies of the Copyright-in-Suit on the same or substantially similar products has led to a sharp drop in revenue and erosion of Plaintiff's market position.

24. As a direct result of Defendant's infringement, Plaintiff has suffered and continues to suffer significant losses, including but not limited to: (a) lost revenue and profits from diverted sales due to Defendant's unauthorized, lower-priced competing products; (b) wasted advertising and promotion expenditures not fully realized due to Defendant's illicit activities; (c) the destruction of valuable licensing opportunities; (d) substantial and ongoing damage to the reputation and goodwill associated with the Copyright-in-Suit; and (e) the incurrence of considerable costs in enforcing Plaintiff's intellectual property rights, including customer service and reputation management costs.

25. This infringing behavior by Defendant severely impacts Plaintiff's copyright rights and undermines the fair competition environment in the market. The sales of Plaintiff's products embodying the Copyright-in-Suit have dropped and Plaintiff's market share has been illegally eroded.

26. The infringing behavior of Defendant has diminished Plaintiff's copyright rights and resulted in loss of exclusivity and control of creative content. Plaintiff has not been able to realize the return on its investment in the Copyright-in-Suit.

27. Plaintiff has lost control over the rights in the Copyright-in-Suit, lost the reputation of Plaintiff and Plaintiff's products, lost the goodwill associated with

the Copyright-in-Suit, and lost the ability to fully exploit the protected work. Plaintiff has also lost profit, market share, and sales volume.

28. Defendant leverages platform traffic and offers Infringing Products at prices substantially lower than genuine Soccer Lamp products, thereby diverting consumers, appropriating Plaintiff's goodwill, and capturing traffic associated with Plaintiff's proprietary product keywords, causing Plaintiff to lose market share and incur additional costs to compete with the price erosion and consumer confusion.

29. Plaintiff has not entered into a contract or licensing agreement with Defendant for the Copyright-in-Suit. Defendant is not an authorized seller of products bearing or otherwise using the Copyright-in-Suit.

30. Defendant is a partnership, individual, and/or unincorporated association operating as a seemingly fictitious seller alias on the Amazon platform, who targets sales to Pennsylvania residents by setting up and operating an interactive "storefront" under an alias via an online retail website. See Exhibit B.

31. Defendant targets Pennsylvania consumers by advertising, offering to sell, and standing ready, willing, and able to sell and ship, and upon information and belief does sell and ship, Infringing Products to the United States, including Pennsylvania, utilizing infringing and derivative copies of the Copyright-in-Suit. See Exhibits C.

32. Based on the Seller Alias name and research of Defendant, Defendant likely resides and operates in the People's Republic of China or another foreign jurisdiction with a lenient intellectual property enforcement system, or redistributes

products from the same or similar sources in those locations. As a result, Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). See Exhibit C.

33. Defendant's interactive site is in English, accepts U.S. Dollars, and affirmatively displays Pennsylvania as a sale and shipping destination. See Exhibit B.

34. Defendant operates one or more e-commerce stores under the Seller Alias. Through a fictitious Seller Alias and the anonymity allowed by the marketplace platform, Defendant purposely conceals its true identity and the full scope of its operations. See Exhibit C.

35. Defendant has the opportunity to operate under a proper individual, partnership, or entity name, but Defendant willfully chooses to operate under a fictitious Seller Alias.

**DEFENDANT'S INFRINGING CONDUCT**

36. While the Seller Alias (or Defendant) alone may appear to be a small-time infringer, the actions of Defendant are of enormous detriment to Plaintiff and to the legitimate marketplace in which Plaintiff competes.

37. The infringement empire Defendant participates in and takes advantage of is a $500+ Billion Dollar industry. The U.S. Department of Homeland Security recognizes this serious threat posed by infringers such as Defendant, detailing the expansive nature as seen below (See Exhibit E):




38. Third party online platforms do not adequately subject sellers to verification and confirmation of their identities and products, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." Exhibit D, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

39. On "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling," and "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Exhibit E, Combating Trafficking in Counterfeit and Pirated Goods, prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans. Because these online platforms generally do not require a seller to identify the underlying business entity, an infringer can maintain many different profiles that appear unrelated even though they are commonly owned and operated. Id.

40. Based on the limited information available and Google research, Defendant appears to have engaged in fraudulent conduct when registering the Seller Alias by providing false, misleading, and/or incomplete information to the e-

commerce platform in order to prevent discovery of its true identity, location, and/or the scope of its e-commerce operations.

41. Defendant has the ability to quickly and easily change e-commerce store data, including but not limited to titles, descriptions, images, videos, Date First Available, and other product description information.

42. Defendant incorporates and uses infringing and/or derivative copies of the Copyright-in-Suit on at least its product pages, seller pages, advertisements, product packaging, and/or the products themselves. See Exhibit C.

43. The e-commerce store operating under the Seller Alias includes content and images that make it very difficult for consumers to distinguish such store from an authorized retailer of products embodying the Copyright-in-Suit.

44. Defendant's Infringing Products are so substantially similar to the Copyright-in-Suit that an ordinary observer would recognize the copying. Upon information and belief, the Infringing Products are designed to, and do, evoke the Copyright-in-Suit and Plaintiff's genuine products in the minds of ordinary purchasers — further evidencing the substantial similarity between the Infringing Products and the Copyright-in-Suit, the marketplace harm, and the willful nature of Defendant's copying. See Exhibit C.

45. Defendant concurrently employs and benefits from substantially similar advertising and marketing strategies as Plaintiff. For example, Defendant facilitates sales by designing the e-commerce store operating under the Seller Alias so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or

wholesaler of authorized products embodying the Copyright-in-Suit. See Exhibits B–C.

46. Defendant appears to use fictitious name(s) in order to keep selling despite Plaintiff's enforcement efforts.

47. Upon information and belief, Defendant maintains bank accounts outside this Court's reach and moves money there regularly to avoid paying any monetary judgment. In fact, financial records from similar cases show that off-shore sellers frequently transfer money from U.S. accounts to foreign ones on a regular basis, and upon notice of a lawsuit, in order to avoid paying any judgment ordered by a court of law in the United States.

48. The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill and reputation associated with the Copyright-in-Suit and the destruction of the legitimate market sector in which Plaintiff operates.

49. Defendant is causing harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods and creative works, (ii) causing an overall degradation of the value associated with the Copyright-in-Suit and the respective products therein, and (iii) increasing Plaintiff's overall cost to market and educate consumers about its products embodying the Copyright-in-Suit.

50. Defendant's use of the Copyright-in-Suit in connection with the advertising, distribution, offering for sale, and/or sale of Infringing Products,

including the sale of Infringing Products into Pennsylvania, is likely to cause and has caused confusion, mistake, and deception by and among consumers, and is irreparably harming Plaintiff.

51. Defendant's infringing and/or derivative use of the Copyright-in-Suit has caused financial loss to Plaintiff.

52. Defendant will continue to advertise, distribute, sell, and/or offer for sale products utilizing the Copyright-in-Suit unless preliminarily and permanently enjoined.

**JURISDICTION AND VENUE**

53. This is an action for infringement of the Copyright-in-Suit arising under 17 U.S.C. § 501.

54. This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C. §§ 101, et seq., under 28 U.S.C. §§ 1331 and 1338(a), (b).

55. Personal jurisdiction is proper because Defendant directly targets consumers in the United States, including in Pennsylvania, through at least the fully interactive commercial Internet store operating under the Seller Alias, where Defendant advertises, displays, offers to sell, and stands ready, willing, and able to, and upon information and belief does, sell and ship Infringing Products to residents within the Western District of Pennsylvania. See Exhibit C. When setting up its online marketplace store, Defendant affirmatively chose the United States, including Pennsylvania, as a destination to sell and ship Infringing Products. As a result,

Defendant has purposefully availed itself of the privilege of conducting business in the forum state and has purposefully directed its copyright infringement activities at the forum state through its own affirmative actions; Plaintiff's injuries stem from Defendant's forum-related activities of advertising, offering to sell, selling, and/or shipping Infringing Products to the forum state; and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

56. Pennsylvania also authorizes personal jurisdiction over Defendant pursuant to 42 Pa. Cons. Stat. § 5322(a). Defendant is systematically directing and targeting its business activities at consumers in the United States, including Pennsylvania, through the Internet platform under the Seller Alias, affirmatively choosing to offer for sale, sell, and/or ship Infringing Products in and to Pennsylvania, where consumers in the United States, including Pennsylvania, can and do view Defendant's Infringing Product listings, communicate with Defendant regarding its Infringing Products, place orders for Defendant's Infringing Products, and receive shipment of Defendant's Infringing Products at United States addresses, including in Pennsylvania. See Exhibit C. Despite being from a foreign nation, Defendant's e-commerce store is made to confuse consumers into believing that Defendant and/or its products originate in the United States, and the store is in English and accepts USD. See Exhibit B. The level of interactivity is high, where consumers in Pennsylvania can communicate with Defendant about the Infringing Products, view the Infringing Products, purchase the Infringing Products, and have the Infringing Products shipped to their respective Pennsylvania addresses. Defendant, through an

anonymous Seller Alias, utilizes an online platform for the sole purpose of conducting business transactions, as described above. The Internet webpages owned and operated by Defendant, as described above, are purely commercial in nature. The level of interactivity of the marketplace platform listings owned and operated by Defendant is extremely high and establishes regular business with the United States and Pennsylvania.

57. Alternatively, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2), under which, for "a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Based on the limited information found on Defendant's Infringing Product listings and based on the Seller Alias being of foreign origin, Defendant is a foreign entity, individual, or unincorporated association not subject to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

58. Venue in the Western District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to the claim occurred within this District, Defendant has committed acts of infringement in and has significant contacts within this District — as described above — and Defendant is directly targeting its business activities of offering to sell, selling, advertising, and/or shipping the Infringing Products to this District.

59. Based on information found on Defendant's Infringing Product listings and based on the Seller Alias itself, Defendant is a foreign entity or individual, and "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

60. Further, venue is proper in this District under 28 U.S.C. § 1400 because Defendant is subject to this Court's personal jurisdiction and therefore resides in this judicial district or may be found here.

**COUNT I**

**INFRINGEMENT OF THE COPYRIGHT-IN-SUIT**

61. Plaintiff hereby re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

62. Plaintiff is the true and correct owner of the Copyright-in-Suit. See Exhibit A.

63. Plaintiff has complied in all respects with the Copyright Act of the United States and other laws governing copyright, and has secured the exclusive rights and privileges in and to the Copyright-in-Suit.

64. The Copyright-in-Suit is an original work.

65. Under 17 U.S.C. § 106, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works of, distribute copies of, and import copies into the United States of, the Copyright-in-Suit.

66. Defendant infringed Plaintiff's exclusive copyright by creating infringing and/or derivative works, and by copying, displaying, advertising, and/or distributing works to the public utilizing or based upon the Copyright-in-Suit, in violation of 17 U.S.C. § 106, as seen in Exhibit C.

67. Defendant's Infringing Products, Infringing Product listing pages, and/or Infringing Product packaging incorporate and copy the Copyright-in-Suit.

68. Defendant's copying constitutes improper appropriation of the Copyright-in-Suit.

69. Defendant's Infringing Products, Infringing Product listing pages, and/or Infringing Product packaging are unlawful copies and/or derivatives of the Copyright-in-Suit.

70. Defendant had access to the Copyright-in-Suit. Plaintiff's products embodying the Copyright-in-Suit are widely and publicly available for purchase in the United States through the Amazon marketplace and have been so available for years, making the Copyright-in-Suit readily accessible to any party engaged in the online decorative lighting market. Defendant's products could not have replicated the distinctive work without prior access thereto. See Exhibit C.

71. Due to Defendant's infringing behavior as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Copyright-in-Suit.

72. Defendant has been and is now actively infringing the Copyright-in-Suit in the Commonwealth of Pennsylvania, in this judicial district, and in other

jurisdictions in the United States, by displaying, advertising, selling, and/or offering to sell products utilizing derivative and/or infringing copies of the Copyright-in-Suit.

73. Upon information and belief, Defendant's conduct constitutes willful and direct copyright infringement. The substantially similar nature of the Copyright-in-Suit and the infringing products, and/or the images used in advertising, displaying, or packaging the products sold by Defendant, further evidences the willful and direct infringement by Defendant. The use of a fictitious Seller Alias with incomplete and/or false information further evidences the willful nature of the infringement.

74. Due to Defendant's acts of infringement, Plaintiff has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

75. The harm caused to Plaintiff is irreparable.

76. Upon information and belief, Defendant had actual or constructive knowledge of Plaintiff and/or the Copyright-in-Suit before and/or during Defendant's advertising, offering for sale, and/or sale of Infringing Products.

## COUNT II

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

77. Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

78. Upon information and belief, Plaintiff alleges that Defendant knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Copyright-in-Suit. Such conduct included,

without limitation, creating derivative works and/or advertising, offering for sale, and/or selling products under such infringing and/or derivative works that Defendant knew, or should have known, were not authorized to be published by Defendant.

79. Upon information and belief, Plaintiff alleges that Defendant is vicariously liable for the infringement alleged herein because Defendant had the right and ability to supervise the infringing conduct and because Defendant had a direct financial interest in the infringing conduct. Specifically, Defendant profited in connection with the Infringing Products and the advertising of infringing and/or derivative copies of the Copyright-in-Suit, and was able to supervise the distribution, broadcast, and publication of the Infringing Products.

80. By reason of Defendant's acts of contributory and vicarious infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

81. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Copyright-in-Suit.

82. Upon information and belief, Defendant has committed acts of copyright infringement, as alleged above, which were willful and intentional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a. Entry of temporary, preliminary, and permanent injunctions, pursuant to 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65, enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling, or offering to sell Infringing Products and/or any products utilizing the Copyright-in-Suit;

b. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators that are provided with notice of the injunction, including but not limited to the online marketplace Amazon, identify any e-mail address(es) known to be associated with Defendant's Seller ID and Seller Alias, and cease facilitating access to any or all e-commerce stores through which Defendant engages in the promotion, advertising, offering for sale, and/or sale of Infringing Products and/or any products utilizing the Copyright-in-Suit;

c. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to the online marketplace Amazon, permanently remove any and all listings offering for sale or advertising Infringing Products and/or any products utilizing the Copyright-in-Suit via the e-commerce store operating under the Seller ID and Seller Alias, including any and all listings linked to the same seller or linked to any other

alias seller identification name being used and/or controlled by Defendant to promote, advertise, display, offer for sale, and/or sell Infringing Products and/or any products utilizing the Copyright-in-Suit;

d. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to the online marketplace Amazon, immediately cease fulfillment of and sequester all goods of Defendant offering for sale the Infringing Products in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

e. Entry of an Order requiring Defendant to account to and pay Plaintiff actual damages and/or Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

f. Entry of an Order finding that this case is exceptional and an award to Plaintiff of its attorney fees and costs as provided for under 17 U.S.C. § 505;

g. Entry of an Order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller ID or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and

any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

h. Entry of an award of pre- and post-judgment interest on the judgment amount; and

i. Entry of an order for any further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: August 18, 2026

Respectfully submitted,

/s/ Zhan Jin
Zhan Jin (CA-355793)
***Law Office of Tina Z. Jin***
1769 Hillsdale Ave., Ste 24483
San Jose, CA 95154
Email: tinajin@zjinlaw.com
Tel.: (408) 338-8500

*ATTORNEY FOR PLAINTIFF*